# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:14CR357 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| AGUEDA ARROYO, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 184) filed by the Defendant, Agueda Arroyo. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Arroyo pleaded guilty to Count I of the Indictment charging her with conspiracy to distribute 500 grams or more of methamphetamine. The plea agreement states: "The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for at least 1.5 kilograms, but less than 5 kilograms of methamphetamine." (Filing No. 108 at 4.) The plea agreement included an appeal waiver and a waiver of Arroyo's right to file a motion under § 2255. However, a § 2255 waiver could be filed if Arroyo alleged ineffective assistance of counsel. Under oath at her change of plea hearing, Arroyo stated

she understood the following: the length of the sentence would be at the discretion of the undersigned Judge; the sentence that would be imposed might differ from the sentence envisioned by Arroyo and her attorney; and no promises were made outside those in the plea agreement. The Presentence Investigation Report reflected a base offense level of 31 with reductions for "minor participant" and "safety valve" eligibility for a total offense level of 24. Arroyo's sentencing guideline range was 46-57 months, but the Probation Office made a recommendation of 24 months of incarceration. On May 4, 2015, the Court sentenced Arroyo to a term of 24 months with five years of supervised release.

## DISCUSSION

**Timeliness**

28 U.S.C. § 2255 provides that a § 2255 motion must be filed within one year of, in relevant part, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Arroyo's final judgment was entered on May 6, 2015, her § 2255 motion was due on or before May 6, 2016. Her Certificate of Service indicates that she mailed the § 2255 motion on May 12, 2016. The envelope was received by the Court on May 16, 2016, and the § 2255 motion was filed on the same date it was received.

Arroyo's § 2255 motion is untimely, as it was not filed within the one-year time limitation described as the date when her conviction became final. *Id.* Arroyo states that her § 2255 motion is timely asserting that the recent U.S. Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is applicable to her case. After careful review, the Court concludes that her motion is untimely. Even if Arroyo's § 2255 motion were to be considered timely, her motion lacks merit as discussed below.

**Merits**

In order to establish ineffective assistance of counsel, Arroyo must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires Arroyo to demonstrate that her counsel's seriously deficient performance prejudiced her defense. *Id*. at 687.

Arroyo claims that her attorney did not file a notice of appeal, failed to challenge the quantity and purity of controlled substances that were attributed to her, and failed to explain to her the right to appeal. The plea agreement clearly set out Arroyo's waiver of her right to file a direct appeal or a § 2255 motion. Arroyo's sworn answers in her petition to enter a plea of guilty and at her change of plea hearing are consistent with the plea agreement. Arroyo has not shown either prong of the *Strickland* test.

Arroyo also claims her constitutional rights were violated because her "plea of guilty was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." The undersigned took Arroyo's plea in this case, and questioned her at length to ensure that the plea was knowing and voluntary and supported by a factual basis, and that she was satisfied with the advice and performance of counsel. Arroyo executed both the Plea Agreement and Petition to Enter a Plea Guilty, which stated she understood all the questions contained therein, and that she was guilty

3

of the crimes alleged in Count I (Filing No. 106 at 12). The colloquy at the time of the plea hearing confirmed repeatedly the voluntary nature of her plea.

The Court notes that Arroyo's counsel, Stuart J. Dornan, is a highly experienced, well-respected criminal defense attorney. Arroyo's complaints about Dornan's representation do not rise to a level showing that Dornan performed outside the wide range of reasonable professional assistance or made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has Arroyo demonstrated any reasonable probability that the result of the proceedings would have been different, but for counsel's alleged ineffective assistance.

## CONCLUSION

The § 2255 motion is untimely. Moreover, even if the motion were timely, it plainly appears from the § 2255 motion and the record that Arroyo is not entitled to relief. Therefore, the motion must be summarily dismissed.

IT IS ORDERED:

1. The Court has completed the initial review of Agueda Arroyo's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 184);

2. Upon initial review, the Court summarily dismisses Arroyo's claim raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 16th day of June, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge